UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


MAURICE WOLF and SUSAN WOLF,

    Plaintiffs,

v.                                            Case No. 2:05-cv-50
                                            CONSENT CASE

SERGEY LONGIN,

    Defendant.
_____/


## **OPINION**

Plaintiffs Maurice Wolf and Susan Wolf, Minnesota residents, filed this diversity action against defendant Sergey Login, of Illinois, for personal injuries that plaintiff Maurice Wolf received in an alpine ski accident at the Pine Mountain Ski Resort in Iron Mountain, Michigan. On March 17, 2002, plaintiff Maurice Wolf and his wife were skiing at Pine Mountain Ski Resort. Plaintiff Maurice Wolf stopped on a ski run to talk to his wife, then continued to ski down the run. Defendant Sergey Login was skiing on an adjacent run uphill from the plaintiffs. He saw the plaintiffs near the landing area of a jump. Believing that it was safe to proceed, defendant Login skied over the jump. While in the air, defendant Login collided into plaintiff Maurice Wolf. Plaintiffs sue for negligence under the Michigan Ski Area Safety Act, Mich. Comp. Laws § 408.321 et seq. Defendant moves for summary judgment arguing that under the Ski Area Safety Act, plaintiff Maurice Wolf assumed the risk of danger associated with skiing and cannot support a claim of negligence against defendant.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). While the evidence must be viewed in the light most favorable to the nonmoving party, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

The intention of the Ski Area Safety Act was to make each skier, not the ski area, responsible for their own actions. *Schmitz v. Cannonsburg Skiing Corporation*, 170 Mich App 692, 428 N.W. 2d 742 (1988). "[W]hether a skier had maintained reasonable control of his speed and course . . . would usually be a question for the trier of fact." *Id.* Mich App. at 695. Mich. Comp. Laws § 408.341 provides in part:

> A skier shall conduct himself or herself within the limits of his or her individual ability and shall not act or ski in a manner that may contribute to his or her injury or to the injury of any other person. A skier shall be the sole judge of his or her ability to negotiate a track, trail or slope.

Mich. Comp. Laws § 408.342 provides in part:

> (1) While in a ski area, each skier shall do all the following:
> (a) Maintain reasonable control of his or her speed and course at all times.
> (b) Stay clear of snow-grooming vehicles and equipment in the ski area.
> (c) Heed all posted signs and warnings.
> (d) Ski only in ski areas which are marked as open for skiing on the trail board . . . .
>
> (2) Each person who participates in the sport of skiing accepts the dangers that inhere in that sport insofar as the dangers are obvious and necessary. Those dangers include, but are not limited to injuries which can result from variations in terrain; surface or subsurface snow or ice conditions; bare spots; rocks, trees, and other forms of natural growth or debris; collisions with ski lift towers and their components, with other skiers, or with properly marked or plainly visible snow-making or snow-grooming equipment.

Defendant argues that the Ski Area Safety Act imposes an assumption of the risk of injury on skiers who participate in the sport. Defendant argues more specifically that plaintiffs cannot present any evidence that defendant violated the Act by showing that defendant was skiing out of control prior to or at the time of the collision. Defendant argues that he was skiing downhill at a reasonable speed for his ability and was in control. Moreover, defendant argues that plaintiffs never saw him before impact so they cannot testify that he was negligent.

Defendant testified that he was skiing at a "reasonable speed" and within his "skiing abilities." Sergey Longin Dep. at 18-20. However, defendant further testified:

> Q. And before you collided with him, you saw them where they were; correct?
>
> A. Yes.
>
> Q. You were coming down the hill; correct?
>
> A. Yes.

>Q. And before you even got to the jump, you saw the person that you ultimately collided with; correct?
>
>A. Yes
>
>Q. So why don't you read to me – I believe this is your written statement?
>
>A. Yes.
>
>A. Absolutely.
>
>"I was coming down the hill from the two-seat lift waiting until I finally came to the last turn right before the jump. I looked and saw the other victim in the accident who had his back to me not moving, talking to his wife. I suppose he was teaching her. I saw that the path was at the moment clear, so I decided to go for the jump (there were no other people in the way). As I already got on the trampoline, the second victim started slowly moving to the right to the intersection with the path of the jump. However, at the speed at which I was going, there was no time to react to the side and the path to the trampoline was grooved, so I would not be able to get my skis out of it. As I hit the jump, the second victim moved into the intersection point and we had a collision."

From this testimony alone, a genuine issue of material fact exists whether defendant was responsible for the cause of the accident. A question of fact exists whether defendant was skiing in reasonable control and in a safe manner. Defendant was the uphill skier and he observed the downhill skier below him. Nevertheless, defendant decided that it was safe, at his skill level, to ski over a jump and still maintain control. Defendant, unable to stop himself, landed into plaintiff as plaintiff traversed across the hill. Whether defendant was in reasonable control is a question of fact.

However, there also exists other evidence in which a reasonable fact finder might conclude that defendant was at least a cause of the accident. There is some discussion that defendant had gone over the jump on other occasions and that there were small ruts leading into the jump that defendant was unable to ski out of after he committed his skis into the ruts. Defendant was

apparently aware of these ruts and of his inability to ski out of the ruts once his skis entered them. Arguably, defendant might have better decided that he needed to wait a little longer to let the downhill skier ski away from the area, before defendant committed himself to a situation that he would be unable to control. Further, defendant might have chosen to verbally warn the downhill skier that defendant intended to take the jump.

Moreover, plaintiffs have presented the affidavit of a witness to the event. Witness Linda Ann Mitchem was skiing on the day of the incident. While taking a break she was seated at a window in the lodge facing the ski slopes. She observed a skier coming extremely fast off the Hematite Hill and cross over to the West Wall Slope to make a jump. The skier was approximately six feet in the air when he landed on another skier. She then immediately went to ski patrol to report the accident, because it appeared that the skier who was hit by the jumping skier was injured. Clearly, there exists a genuine issue of material fact as to whether defendant was negligent in causing plaintiffs injuries which must preclude summary judgment.

Accordingly, defendant's motion for summary judgment will be denied.

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   June 16, 2006